[No. 26229. *En Banc.* April 30, 1937.]

TACOMA BEAUTY & BARBER SUPPLY COMPANY, *Appellant,* v. ROY HASTINGS *et al.; Respondents.*[1]

*Edward Starin,* for appellant.

*J. W. Selden,* for respondents.

BEALS, J.—During the month of March, 1935, plaintiff, Tacoma Beauty & Barber Supply Company, Inc., a corporation, delivered to defendants, under a written contract (in form a contract of lease), certain beauty shop equipment, for which defendants agreed to pay $645.50, of which amount the payment of $207.50 was acknowledged in the contract, the balance of $438 to be paid in monthly installments of $23.50 per month. Mrs. Hastings alone signed the contract on behalf of the purchasers.

Defendants having failed to pay the installments which fell due during the months of August, September and October, 1935, plaintiff, after demand and notice of default, instituted this action in replevin to recover possession of the equipment. By their answer,

[1] Reported in 67 P. (2d) 325.

defendants admitted many of the allegations of the complaint, and by way of a cross-complaint alleged that plaintiff had delivered only twenty-four "protectors, curlers and clamps," in connection with a permanent waving machine, while the complete equipment in connection therewith amounted to thirty-six of such appliances. Defendants pleaded that, because of plaintiff's failure to deliver the twelve additional articles, defendants were entitled to recover damages in an amount equal to that which they had paid under the contract, and an additional one hundred dollars for damages to their business.

Practically the only issue raised in this action concerns this undelivered equipment; defendants at all times contending that plaintiff had no right to maintain an action in replevin, because it had failed to deliver all the equipment called for by the contract, and that, because of this failure on plaintiff's part, defendants were justified in refusing to make payments called for by the contract and were entitled to recover what they had paid.

The action was tried to the court, sitting without a jury, the court holding that plaintiff had breached its contract by failing to deliver the additional equipment claimed by defendants; and that, for this reason, defendants were entitled to judgment for the amount which they had paid to plaintiff and for the return of articles which they had turned in on the contract, the property in defendants' possession to be returned to plaintiff. From such a judgment in defendants' favor, plaintiff has appealed.

Error is assigned upon the court's refusal to make several findings of fact proposed by appellant; upon the making of four findings of fact and two conclusions of law; upon the entry of judgment against appellant; and in denying appellant's motion for a new trial.

These assignments represent the following contentions on appellant's part:

First: That the preponderance of the evidence shows that appellant did not breach its contract, but performed it in full.

Second: That, assuming the contract was breached, the breach was not sufficiently substantial to justify rescission, and that respondents should have been compensated in damages.

Third: That respondents were not entitled to a rescission or a judgment for the return of what they had paid on the contract.

The trial court found that appellant had agreed to deliver thirty-six appliances to be used in connection with the operation of the permanent wave machine, and had delivered only twenty-four.

It is admitted that the permanent wave machine in question is referred to as a thirty-six connector machine, and is constructed with connectors for that many separate permanent wave appliances. There are at least two different kinds of these appliances made to be fitted into the connectors, which are part of the machine, and the same may be purchased separately, according to the requirements of the operator. Under the pleadings, the burden rested upon respondents to prove that appellant had failed to furnish all of the equipment which it agreed to deliver under its contract. It is admitted that appellant did furnish twenty-four protectors, curlers, and clamps, of the kind ordered by respondents for use in connection with the permanent wave machine. It clearly appears that twenty-four of these appliances are sufficient to serve, in one application, the majority of persons desiring a permanent wave, and, of course, can serve all by two applications.

The only question at issue is whether appellant

agreed to furnish twenty-four or thirty-six of the appliances referred to. The oral testimony relative to this issue was very confused. Respondents both testified that appellant's agent had agreed to deliver the additional equipment. Respondent Helene Hastings testified that she wrote several letters demanding the appliances, but was unable to produce any copies thereof, or even to testify as to what she had written. Appellant's agent denied the receipt of any such demands. Respondent Roy Hastings testified that he requested the additional equipment each time a payment was made, but on cross-examination admitted that payment was made in person only once. Appellant's witnesses testified that no request was ever made.

Certain letters are in evidence, which are perfectly plain and unambiguous. June 9th, Mrs. Hastings wrote appellant, enclosing a check. September 25th, appellant wrote Mrs. Hastings, enclosing a statement showing past due payments, demanding payment, and threatening action by way of suit in replevin. The following day, Mrs. Hastings wrote appellant as follows:

"Dear Sir:                              September 26, 1935.
   "I received your letter today.
   "As to my intentions I can assure you they are exactly the same at the present writing that they were when I contracted my equipment from you.
   "You will perhaps recall the conversation we had in my home the evening I ordered the equipment from you. I expressed some doubts as to the advisability of undertaking such large payments—for as I told you I certainly did not wish to loose the articles if a slack period came along and ran me short—however you gave me very thoroughly to understand I would run no such risk. I took you at your word. Due to the fact we had before run as much as two months overdue on this contract and caught it up to date I fail to grasp your attitude.

"I have no intention of loosing the equipment if I can possibly help it and certainly intend remitting at the earliest possible date as running over on this matter is as distasteful to me as it could be to you.

"Resp. Yours,

"HELENE HASTINGS"

Two days following, appellant wrote, granting a week's extension. October 11th, Mrs. Hastings wrote as follows:

"Mr. Wilder

"Dear Sir:

"In regards to your letter of last week allowing me an extension of one week on my equipment, I was not able to get the payments in on the date you specified but will have part of it in the near future. Will catch up balance as business gets better.

"Yours,

"HELENE HASTINGS"

In all the correspondence which was introduced in evidence, there is not one word about any missing equipment.

It appears beyond question that the value of the articles which respondents claimed should have been delivered amounted to less than forty dollars.

Mrs. Hastings, in her examination-in-chief, testified that she had always been ready to make her payments, if appellant had furnished the items of equipment in question; that appellant's agent had called her several times over the telephone, demanding payment, that each time she had mentioned the equipment she wanted; and that appellant's agent had refused to discuss this matter with her. On cross-examination, she stated that she had written appellant concerning the missing equipment prior to writing the letters above set forth. Mrs. Hastings admitted purchasing the permanent wave machine from a catalogue which is in the record, and testified that, in treating approxi-

mately one-third of her patrons, she found it convenient to use more than twenty-four connectors. She again repeated that she was at all times ready to make the payments which were due.

The trial court found that respondents were at all times ready and willing to make the payments provided for in the contract, but that during the month of August, 1935, respondents notified appellant that they would make no more payments under the contract until the additional equipment which they demanded had been furnished.

Mrs. Hastings' testimony is absolutely at variance with her letters. Three of these are in evidence; two written after the time when respondents testified they made delivery of the additional equipment a condition precedent to further payments on their part, and in neither one of these letters is there a word about any such matter. Each of these letters unequivocally states that the delinquent payments will be made as soon as possible. These letters are absolutely inconsistent with respondents' testimony, and with their theory of the case. They are also inconsistent with Mrs. Hastings' testimony to the effect that she, at all times, could and would have made the payments, had the equipment which she demanded been furnished. It is difficult to understand that, in connection with a six hundred dollar contract, such a dispute could have arisen over undelivered equipment covered by the contract without the matter having been referred to in Mrs. Hastings' letters.

Appellant's agent testified that, just prior to the institution of this action, he telephoned respondents, asking that they turn over the equipment to someone for appellant, which respondent Helene Hastings refused to do. After some further discussion, respondent Roy Hastings took the telephone, and upon the

witness stating that legal proceedings would be instituted, said: "Go ahead, we have [a] loop hole and we'll beat you anyway." On cross-examination, Mr. Hastings admitted that he had made substantially the statement above quoted.

The value of the appliances which respondents claimed was insignificant, when compared with the total value of the property covered by the contract, and their testimony to the effect that appellant's agent refused to discuss the matter is difficult to believe. Examination of the record convinces us that the evidence preponderates against respondents' contention.

The judgment appealed from is accordingly reversed, with directions to enter judgment in appellant's favor.

STEINERT, C. J., BLAKE, TOLMAN, GERAGHTY, and ROBINSON, JJ., concur.

HOLCOMB, J. (dissenting)—In general, this case contains issues of fact only. Questions of law are but incidental to the facts. The trial judge, as was his sole function, disbelieved the testimony of appellant's agent.

The contract entered into between the parties, among the other items sold, contained in clear and explicit language "One only Ultra-Thermique Permanent Wave Machine Complete 36-Connectors."

How it can be contended by the majority that the evidence preponderates against the finding of the court that the twelve additional protectors, rods, and heater clamps, were sold to respondents and were not delivered, is incomprehensible. Had the court found otherwise in the face of the evidence and the clear and explicit contract, it would have erred. There is, as the trial court said, "no ambiguity about the word 'complete'."

The finding of the trial court in behalf of respondents that the contract had been breached by appellant rather than by respondents is based upon competent testimony, believed by the trial judge, that, after the delivery of the equipment, respondents on several occasions verbally, by 'phone and also by letter, made requests of appellant to deliver the balance of the merchandise; that appellant, through its officer, had agreed to deliver the balance, but had failed to do so; that on August 3, 1935, respondent Roy Hastings went to the place of business of appellant in Tacoma and paid $54.96 on the contract, which paid up the contract to the 22nd day of that month, and said to the manager of appellant,

"I am giving you this check for two payments and I am not making any more payments until the rest of the equipment is delivered."

The prevailing opinion proceeds upon the assumption that the contract was rescinded by respondents. That is not correct. Respondents at all times stood upon their contract, and their cross-complaint is for damages for its breach. Appellant itself declared a forfeiture.

The judgment is right and should be affirmed. Hence, I dissent.

MAIN and MILLARD, JJ., concur with HOLCOMB, J.